JERRY KAPLAN, ESQ. Bar No. 49142
JOSEPH BENINCASA, ESQ. Bar. No. 251347
Kaplan, Kenegos and Kadin
Attorneys at Law
9150 Wilshire Boulevard Suite 175
Beverly Hills, California 90212
Email: kapkenkd@pacbell.net
Telephone:(310) 859-7700
Facsimile:(310) 859-7773

Attorneys for Claimant
TAMARA DADYAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA | CASE NO.      2:21-cv-07334 |
| Plaintiff, | |
| vs. | **VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE** |
| $200,004.75 From First Republic Bank Account Number Ending 8278 and $3,493.94 From First Republic Bank Account Number Ending 8864, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Claimant Tamara Dadyan, as the rightful and legal owner of the defendant property $200,004.75 From First Republic Bank Account Number Ending 8278 and $3,493.94 From First Republic Bank Account Number Ending 8864, hereby submits the Answer to the Verified Complaint for Forfeiture.

///

///

### JURISDICTION AND VENUE

1.      Admitted.

2.      Admitted.

3.      Admitted.

### PERSONS AND ENTITIES

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted as to the interests of Dadyan.  Claimant lacks sufficient knowledge to admit or deny whether AM Financial may be adversely affected by these proceedings.

### BASIS FOR FORFEITURE

9.      Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

10.      Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

11.      Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

12.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

13.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

14.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

15.   Defendant lacks sufficient knowledge to admit or deny.

16.   Defendant lacks sufficient knowledge to admit or deny.

17.   Defendant lacks sufficient knowledge to admit or deny.

18.   Defendant lacks sufficient knowledge to admit or deny.

19.   Defendant lacks sufficient knowledge to admit or deny.

20.   Defendant lacks sufficient knowledge to admit or deny.

21.   Defendant lacks sufficient knowledge to admit or deny.

22.   Defendant lacks sufficient knowledge to admit or deny.

23.   Defendant lacks sufficient knowledge to admit or deny.

24.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

25.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

26.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

27.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

28.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

29.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

30.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

31.     Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

32.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

33.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

34.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

35.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

36.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

37.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

38.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

39.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

40.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

41.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

42.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

43.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

44.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

45.  Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

46.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

47.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

48.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

49.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

50.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

51.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

52.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

53.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

54.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

55.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

56.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

57.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

58.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

59.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

60.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

61.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

62.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

63.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

64.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

65.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

66.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

67.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

68.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

69.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

70.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

71.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

72.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

73.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

74.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

75.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

76.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

77.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

78.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

79.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

80.    Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE

81.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

82.   Admitted.

83.   Claimant invokes her Fifth Amendment privilege against self-incrimination, except to the extent that Plaintiff alleges the defendant currency was part of or proceeds of any criminal activity, which Claimant denies.

84.   Admitted, however, Claimant has filed a Motion to Withdraw her Plea on the grounds that the Plea Agreement contained false statements of fact and that motion is currently pending.

85.   Claimant admits that the plea agreement contains a forfeiture provision. Claimant denies the plea is valid, and Claimant denies that the defendant currency is included in the forfeiture provision as it was not derived from illegal activity.

86.   Claimant lacks sufficient knowledge to admit or deny.

87.   Denied.

88.   Claimant lacks sufficient knowledge to admit or deny.

89.   Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Plaintiff's complaint relies on the actions of third parties unrelated to the defendant currency or the defendant bank accounts.

**THIRD AFFIRMATIVE DEFENSE**

The defendant currency is not traceable to criminal acts or proceeds, and was not involved in the frauds alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Forfeiture of the defendant currency violates the Due Process Clause of the Fifth Amendment to the United States Constitution because law enforcement officers involved in pursuing the forfeiture have a financial incentive in securing forfeiture. State and federal law enforcement agencies involved in the forfeiture may retain proceeds from the forfeiture to fund their activities, and, on information and belief, individual law enforcement officials within the relevant state and federal law enforcement agencies have an incentive to forfeit property to ensure job security.

**WHEREFORE**, Claimant hereby demand that the Court deny Plaintiff's claim for forfeiture of the defendant currency; order the defendant currency returned to Claimant; order that Plaintiff pay Claimant's attorney's fees and costs pursuant to 28 U.S.C. §2465(b)(1)(A); order that Plaintiff pay pre- and pose-judgment interest on the defendant currency to Claimant pursuant to 28 U.S.C. §2465(b)(1)(B)-(C); and enter such additional relief as the Court deems just and proper.

**13**
**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**

**VERIFICATION**

I, Tamara Dadyan, hereby declare that:

1. I am the Claimant in this action and authorized to make this Claim on my own behalf.

2. I have read the above Verified Answer to Verified Complaint for Forfeiture and know its contents. It is based on my own personal knowledge and belief.

3. Everything contained in this Verified Answer is true and correct, to the best of my knowledge and belief.

I declare, under penalty of perjury, that the foregoing is true and correct. Dated this 12th of November, 2021, in Los Angeles, California.

TAMARA DADYAN, Claimant

Date: November 12, 2021

Respectfully submitted,

 /s/ Jerry Kaplan
JERRY KAPLAN
Attorneys for Claimant
TAMARA DADYAN

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF LOS ANGELES        )

I am employed in the county of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 9150 Wilshire Blvd., Suite 175, Beverly Hills, California 90212.

On November 12, 2021, I caused to serve the foregoing documents described VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE on the parties in this action by placing a copy thereof in sealed envelope addressed as follows:

Brett Whittlesey
Assistant United States Attorney
Asset Forfeiture Section
Federal Courthouse, 14th Floor
312 N. Spring Street
Los Angeles, CA  90012

[X]     BY U.S. MAIL

[X]     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on November 12, 2021, at Beverly Hills, California.

Dulce Garcia

**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE**